**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric M Larson, et al., | No. CV-21-02221-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| State Farm Fire and Casualty Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Courtney and Eric Larson's ("Plaintiffs") Motion to Remand. (Doc. 11). Defendant State Farm Fire and Casualty Company ("Defendant") filed a Response, (Doc. 12), and Plaintiffs filed a Reply. (Doc. 17). For the reasons that follow, the Court grants Plaintiffs' Motion to Remand.

**I.    BACKGROUND**

Plaintiffs are Arizona homeowners insured by Defendant. (Doc. 11 at 3). On December 1, 2019, Plaintiffs noticed water leakage in their kitchen. (Doc. 6 at 2). Plaintiffs reported a claim to Defendant, and Defendant conducted an inspection, found the damage to be of a type excluded from coverage, and denied Plaintiffs' claim. (*Id.*)

Plaintiffs then appointed an appraiser who estimated $46,866.62 in damage to Plaintiffs' home. (Doc. 11-1 at 2). The parties dispute whether this appraisal bound Defendant to award Plaintiffs the appraisal value. (*Compare* Doc. 6 at 2 *with* Doc. 11 at 3). Notwithstanding this dispute, Defendant covered a portion of the damage to Plaintiffs' home, but not the full value that the appraiser estimated. (*Id.*)

Plaintiffs filed suit in Maricopa County Superior Court on December 6, 2021, alleging three counts against Defendant. Count One alleges a breach of insurance contract, seeking to recover the remainder of Plaintiffs' insurance claim and associated costs incurred from the lack of coverage. (Doc. 1 at 15). Count Two alleges a breach of implied covenant of good faith and fair dealing. (*Id.* at 16). Count Three calls for punitive damages for Defendant's "outrageous, reprehensible, . . . willful[], malicious[]" conduct. (*Id.* at 18).

Defendant timely removed this action pursuant to 28 U.S.C. § 1441. (Doc. 1). Per the Court's order, Defendant then filed a supplement to the notice of removal asserting diversity of citizenship as the basis for federal subject matter jurisdiction. (Doc. 5; Doc. 6). Defendant alleges that Plaintiffs are Arizona residents and Defendant is incorporated and has its principal place of business in Illinois, satisfying the diversity of citizenship requirement. (Doc. 6 at 3). Defendant also alleges that the amount in controversy requirement of at least $75,000 is satisfied.

Plaintiffs filed a motion to remand on January 28, 2022, arguing that the Court does not have subject matter jurisdiction. (Doc. 11). While they do not contest that the parties are citizens of different states for purposes of diversity jurisdiction, Plaintiffs argue that the amount in controversy does not exceed $75,000. Defendant objects to this motion. (Doc. 12).

**II.  MOTION TO REMAND**

The parties do not contest that they are citizens of different states for purposes of diversity jurisdiction. Thus, the Court only analyzes whether Defendant has failed to show by a preponderance of the evidence that Plaintiffs' amount in controversy exceeds $75,000.

**A. Legal Standard**

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

"In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Yet the inquiry into the amount in controversy is not confined to the face of the complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### B. Analysis

The amount in controversy is not facially clear from Plaintiffs' complaint. Accordingly, it is Defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Singer*, 116 F.3d at 376. Here, the Court finds

that Defendant has not met its burden.

### 1. Plaintiffs' Tier Two Designation

Defendant argues that Plaintiffs' Tier Two discovery designation indicates that the amount in controversy exceeds $75,000. (Doc. 6 at 4). This argument is unavailing.

Arizona's tier system is used for discovery purposes—"to make discovery occur in a manner that is proportional" to the complexity of the case. *See* Advisory Committee Note, Ariz. R. Civ. P. 26.2. Therefore, "while Plaintiff[s'] tier selection is some evidence of [their] amount in controversy, it is not enough to prove by a preponderance of the evidence that Plaintiff[s'] damages in the action exceed $75,000." *Rieke v. ManhattanLife Assurance Co. of Am.*, No. CV-20-00724-PHX-GMS, 2020 WL 3056123, at *1 (D. Ariz. June 9, 2020).

Moreover, Tier Two designations merely contemplate a claim for damages exceeding $50,000 and less than $300,000. Ariz. R. Civ. P. 26(c)(3)(B). Thus, Plaintiffs' tier designation "'does nothing more than establish that the amount in controversy is likely more than $50,000.'" *Rives v. Mrs. Gooch's Nat. Food Mkts. Inc.*, No. CV-21-01186-PHX-DLR, 2021 WL 3847104, at *1 (D. Ariz. Aug. 27, 2021) (quoting *Ferguson v. First Am. Specialty Ins. Co.*, No. CV-09-01581-PHX-JAT, 2009 WL 4154653, at *3 (D. Ariz. Nov. 23, 2009)). Accordingly, Plaintiffs' tier designation alone is insufficient to demonstrate that the amount in controversy exceeds $75,000.

### 2. Plaintiffs' Settlement Negotiations

Defendant next argues that Plaintiffs' settlement offer proves that the amount in controversy requirement is met. Defendant argues that Plaintiffs previously asserted that Count One alone was worth $72,500, implying that the total amount in controversy on all claims would exceed $75,000. (Doc. 12 at 5–6).

The Court may consider this correspondence as some evidence of the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). But, for reasons stated below, the Court finds this evidence unpersuasive because an estimated value of $72,500 for Count One alone does not reflect a reasonable estimate of

Plaintiffs' Count One claim. Additionally, the Court finds that Plaintiffs' "opening demands" do not accurately reflect the amount in controversy when Plaintiffs later offered to settle for a lower amount. *See Carr v. Esurance Ins. Co.*, No. 09-0667-PHX-JAT, 2009 WL 2132699, at *3 (D. Ariz. July 16, 2009) ("The fact that the amount was an 'opening demand' and subject to lower counteroffers further undermines Defendant's argument [that the initial amount reflects the amount in controversy].").

On the other hand, the Court finds that Plaintiffs' settlement offer of $66,500 ($31,000 in policy benefits and $12,500 in attorneys' fees for Count One, and $23,000 for extra-contractual claims in Counts Two and Three) is relevant evidence that Plaintiffs believe the amount in controversy is less than $75,000. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Rieke*, 2020 WL 3056123, at *2 (finding plaintiff's offer of judgment for $65,000 to be relevant evidence of the amount in controversy); *Brown v. Bankers Life & Cas. Co.*, No. CV-09-1459-PHX-GMS, 2009 WL 2914215, at *4 (D. Ariz. Sept. 8, 2009) (finding plaintiff's offer of judgment for $70,000 to be relevant evidence of the amount in controversy).

Plaintiffs' Count One settlement offer is for $31,000 in policy benefits and $12,500 in attorneys' fees. In Count One, Plaintiffs claim that Defendant "wrongfully deducted a total of $31,695.40 awarded as water damage." (Doc. 11 at 3). Thus, the Court finds that Plaintiffs' settlement offer of $43,500 for Count One more closely reflects "a reasonable estimate of plaintiff[s'] claim[s]." *Cohn*, 281 F.3d at 840. Accordingly, the Court finds that Defendant has not sufficiently demonstrated that Plaintiffs' assertion that Count One was worth $72,500 is relevant evidence for the total amount in controversy.

The Court is similarly unpersuaded that Counts Two and Three show that Defendant has satisfied its burden in meeting the amount in controversy requirement. Defendants argue that Plaintiffs' Complaint alleges facts analogous to previous cases in which the amount in controversy exceeded $75,000. (Doc. 12 at 7–9).

The Ninth Circuit Court of Appeals has found that a removing defendant may point

- 5 -

to verdicts and settlements in "similar" cases as evidence that the amount in controversy exceeds $75,000. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). What constitutes a sufficiently "similar" case is not clear from precedent, so courts must exercise their discretion. *See Haire v. Liberty Ins. Corp.*, No. CV-20-00686-PHX-DWL, 2020 WL 5088071, at *4 (D. Ariz. Aug. 28, 2020).

In its response, Defendant focuses much of its analysis on *Hawkins v. Allstate Ins. Co.*, 733 P.2d 1073 (Ariz. 1987), a case in which insureds brought claims of bad faith against their insurer and obtained a $3.5 million jury verdict. (Doc. 12 at 7–9). Defendant points to similarities between the facts that led to the jury verdict in *Hawkins* and the facts that Plaintiffs allege here. (*Id.*) But *Hawkins* differs from the present case in a crucial way: the plaintiffs in *Hawkins* never offered to settle their bad faith claims for a specified dollar amount. *See generally Hawkins*, 733 P.2d 1073. Here, Plaintiffs explicitly offered to settle Counts Two and Three for $23,000. (*See* Doc. 11 at 9). Thus, the Court finds that *Hawkins* and the other cases cited by Defendant[1] are not sufficiently "similar" to the present case to be persuasive to use to find an amount in controversy exceeding $75,000.

For the foregoing reasons, Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. Plaintiffs' Motion to Remand is granted.

### III.   ATTORNEYS' FEES

Plaintiffs request attorneys' fees for Defendant's removal. The Court may award attorneys' fees "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although the Court grants Plaintiffs' Motion to Remand, the Court does not find award of attorneys' fees proper here. Defendant had an objectively reasonable argument

---

[1] In its previously filed Supplement to Notice of Removal, Defendant cites several other cases that Defendant argues are similar to the present case. (Doc. 6 at 12–15). While these cases may have some analogous facts to Plaintiffs' allegations, none of the cases include an explicit offer to settle all claims for less than $75,000. (*Id.*) Accordingly, the Court finds that none of these other cases are sufficiently similar to be persuasive.

for removal. The complaint does not request a specific amount of damages and it is objectively reasonable to argue that attorneys' fees and punitive damages from Plaintiffs' claims satisfy the jurisdictional requirements. *See Welsh v. N.H. Ins. Co.*, 843 F. Supp. 2d 1006, 1011 (D. Ariz. 2012) (finding the same). Therefore, Plaintiffs' request for attorneys' fees is denied.

## IV. CONCLUSION

Defendant fails to establish by a preponderance of the evidence that Plaintiffs' amount in controversy exceeds $75,000.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' request for attorneys' fees (Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (Doc. 11) is **GRANTED**. The Clerk of Court shall remand this case to the Maricopa County Superior Court, without further order of this Court.

Dated this 12th day of April, 2022.

James A. Teilborg
Senior United States District Judge